## Commonwealth v. Balles

*Frederick B. Smillie*, for Commonwealth.

*Mabel B. Ditter* and *Edward B. Duffy*, for defendant.

KNIGHT, P. J., August 6, 1946.—Defendant was engaged with her husband, George Balles, Jr., in conducting a private school, known as "Warminster Academy", at Three Tuns, this county. She is a registered nurse, and the couple have one child, five years old.

On the night of January 12, 1946, the husband, George Balles, Jr., was found by Chief Pfletcher of the Lower Moreland police, with one of the girl students of the school, Joyce Owens, in a parked automobile on Heaton Road, in Montgomery County. The husband was arrested, and charged with statutory rape.

The district attorney conducted an investigation of the school, and questioned a number of the pupils. As a result the defendant was arrested, indicted for

a number of offenses, and convicted on five bills, namely:

No. 184-1. Charging her with aiding and abetting in the statutory rape of Shirley Owens;

No. 184-3. Assault and battery on Joyce Owens;

No. 184-4. Assault and battery on Shirley Owens;

No. 184-8. Contributing to the delinquency of minors;

No. 184-9. Corrupting public morals.

Defendant was tried with her husband, although separately indicted, and motions for a new trial were made in both cases, with one set of 20 reasons, some of which only applied to George Balles, Jr., and some only to this defendant. The motion, so far as this defendant is concerned, must be allowed.

Counsel for defense made a motion for a severance, which was overruled. This action of the trial judge is assigned as error by the sixth reason for a new trial.

We have held, in an opinion handed down this day, that George Balles, Jr., was not prejudiced by being compelled to go to trial with his wife, but the converse is not true. George Balles, Jr., was indicted and convicted of statutory rape on the person of Joyce Owens. Besides the testimony of Joyce, the Commonwealth produced strong and rather convincing corroborating evidence, plus two statements signed by George Balles, Jr., admitting indecent conduct with Joyce. This defendant was miles away when the crime against Joyce, on January 12th, was committed. Defendant was indicted under bill no. 188-12, with having aided and abetted in the commission of this crime, but the district attorney having no evidence to prove the indictment, withdrew the bill. If the trial judge had known that the Commonwealth had no evidence to back up bill no. 188-12, he probably would have granted the severance. Husband and wife are so closely connected, particularly in this case, where they were both engaged in conduct-

ing a school, that the substantial evidence against the husband was most likely to prejudice the wife in the eyes of the jury.

Bill no. 184-1 charges defendant with aiding and abetting in the statutory rape of Shirley Owens. This 14-year-old girl testified that she had intercourse with George Balles, Jr., four times in his bedroom at the Three Tuns school, and that on every occasion defendant was present, and actually helped her husband in performing the act. The conviction of defendant on bill no. 184-1, depends entirely on the testimony of Shirley Owens.

Shirley impressed the trial judge as an emotional and imaginative girl. She had attempted to commit suicide. She had told a story of a boy friend in a concentration camp in Germany, which was pure imagination. She admitted having sex experience before coming to Warminster Academy. The acts ascribed to defendant by this witness are so unnatural and revolting that their very enormity raises a doubt as to whether they ever happened. We recognize that we are sustaining convictions of George Balles, Jr., on the uncorroborated testimony of Shirley, and if the only reason for a new trial were that the verdict was against the weight of the evidence, we would be disposed to let the verdict stand. Considered, however, with the other reasons, the sum total leads to the conclusion that a new trial should be granted. It may be that Shirley, with her admitted hatred for defendant, put her in the picture.

As heretofore stated, bill no. 184-1 charges defendant with aiding and abetting her husband in the crime of statutory rape.

According to the testimony of Shirley, defendant was present and assisted her husband in the commission of the crime. The trial judge charged the jury that the doctrine of coverture did not apply to rape, and there was no presumption that defendant was

coerced by her husband in committing the crime. This instruction is alleged as error in the 18th reason for a new trial.

Counsel on both sides, with commendable industry, have devoted considerable space in their briefs to a discussion of this question of coverture. They have traced the rule from the earliest times through the old authorities, down to the present. Neither their thorough search or our own, has revealed one case where the crime of rape was involved. Under the old common law, the rule was well established, applying to all crimes, with the exception of treason, murder, and perhaps robbery: also crimes in which women are usually engaged, such as keeping a bawdy house. The brief of the district attorney contains citations from the courts of many States, showing how the rule has been relaxed or disregarded in more recent times, since women have become emancipated.

We wish we had the time to fully discuss this interesting question, but for the present we can only sum up our conclusions from reading the briefs, and examining a number of cases. We are of the opinion that in Pennsylvania the presumption still exists that a wife acts under the coercion of her husband when she aids and abets him in the crime of rape. The woman gains nothing from it, except perhaps a perverted sex satisfaction, and it is hard to conceive of a wife helping her husband in such an act unless she did it at his request and under coercion. We are of the opinion that the trial judge should have instructed the jury that the presumption of coercion existed, but that it was a rebuttable presumption, with the burden on the Commonwealth to rebut it.

The district attorney, in his closing address, told the jury that defendant had the right of appeal, and could take the case "up and up and up", but that the Commonwealth had no such right. The above is not the exact language of the district attorney, but is the gist of it.

It is charged in the 20th reason that these remarks were improper and prejudicial to defendant. We have found no case in Pennsylvania in which our appellate courts have passed upon the propriety of the district attorney mentioning to the jury defendant's right of appeal and the finality of a verdict of "not guilty". In some States such remarks have been held to be prejudicial error: People v. Johnson, 284 N. Y. 182; People v. Esposito, 224 N. Y. 370.

In Commonwealth v. George Balles, Jr., in which we are handing down an opinion today, we express our disapproval of such remarks. The present case is one in which the language used by the prosecuting officer might well work harm to this defendant. Here we have a case so far as the felony is concerned, in which the uncorroborated testimony of the prosecuting witness is opposed by the denial of two defendants. The acts of this defendant, as described by the witness, were unnatural, unusual, and almost unheard of.

In 132 A. L. R. 681, the annotator states the general rule as follows:

"Although reversible error, predicable upon improper references to defendant's right of appeal, or the possibility of clemency or parole, in the presence of the jury in a criminal case, is wholly dependent upon the character of the evidence pointing to guilt, and the lines of demarkation exceedingly fine, it may be said generelly that in any case in which there is or may be a reasonable doubt, because of the sufficiency or clarity of the evidence, of the defendant's guilt, and there is a likelihood that the remark was calculated to and did or may have had an influence upon the jury against the defendant, it constitutes, in itself, a ground for setting aside the conviction."
See also Commonwealth v. Meyers, 290 Pa. 573.

We are of the opinion that the remarks of the district attorney were prejudicial to this defendant in this case.

No one of these reasons might be sufficient to warrant us in setting aside the verdict on the felony bill, but all of them together compel us to the conclusion that the interests of justice require that defendant should have a new trial. There are also potent reasons why some of the verdicts on the misdemeanor bills should be set aside, but since the case must be tried again, we will not discuss them at this time.

And now, August 6, 1946, the motion is allowed, and a new trial granted defendant, Laura Balles, on all of the bills on which she was found guilty.